UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:21-cr-163-MSS-CPT
  18 U.S.C. § 2422(b)
CLAYTON EVERETT COLBORN  18 U.S.C. § 2251(a)
  a/k/a "Jason Rich"  18 U.S.C. § 2252(a)(4)(b)
  a/k/a "Jason"
  a/k/a "Clay"
  a/k/a "Clayay"

## SUPERSEDING INDICTMENT

The Grand Jury charges:

### COUNT ONE

From in or around January 2020, through on or about February 3, 2020, in the Middle District of Florida, and elsewhere, the defendant,

CLAYTON EVERETT COLBORN
a/k/a "Jason Rich"
a/k/a "Jason"
a/k/a "Clay"
a/k/a "Clayay",

using a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, Victim 1, to engage in sexual activity for which any person could be charged with a criminal offense, specifically the crime of lewd or lascivious battery upon a person less than 16 years of age, in violation of Fla. Stat. §§ 800.04(4)(a) and (4)(b).

In violation of 18 U.S.C. § 2422(b).

## COUNT TWO

From in or around October 2019, through on or about December 15, 2019, in the Middle District of Florida, and elsewhere, the defendant,

CLAYTON EVERETT COLBORN
a/k/a "Jason Rich"
a/k/a "Jason"
a/k/a "Clay"
a/k/a "Clayay",

using a facility and means of interstate commerce, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, Victim 2, to engage in sexual activity for which any person could be charged with a criminal offense, specifically the crime of unlawful sexual activity with certain minors, in violation of Fla. Stat. §§ 794.05(1).

In violation of 18 U.S.C. § 2422(b).

## COUNT THREE

On or about February 9, 2019, in the Middle District of Florida, and elsewhere, the defendant,

CLAYTON EVERETT COLBORN
a/k/a "Jason Rich"
a/k/a "Jason"
a/k/a "Clay"
a/k/a "Clayay",

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, the visual depiction was produced and transmitted using materials that had

been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FOUR

On or about February 14, 2019, in the Middle District of Florida, and elsewhere, the defendant,

> CLAYTON EVERETT COLBORN
> a/k/a "Jason Rich"
> a/k/a "Jason"
> a/k/a "Clay"
> a/k/a "Clayay",

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT FIVE

On or about March 21, 2019, in the Middle District of Florida, and elsewhere, the defendant,

CLAYTON EVERETT COLBORN
a/k/a "Jason Rich"
a/k/a "Jason"
a/k/a "Clay"
a/k/a "Clayay",

did employ, use, persuade, induce, entice, and coerce a minor to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT SIX

On or about May 6, 2019, in the Middle District of Florida, and elsewhere, the defendant,

CLAYTON EVERETT COLBORN
a/k/a "Jason Rich"
a/k/a "Jason"
a/k/a "Clay"
a/k/a "Clayay",

did employ, use, persuade, induce, entice, and coerce a minor to engage in any

sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

## COUNT SEVEN

From an unknown date but no later than on or about September 14, 2021, in the Middle District of Florida, and elsewhere, the defendant,

CLAYTON EVERETT COLBORN
a/k/a "Jason Rich"
a/k/a "Jason"
a/k/a "Clay"
a/k/a "Clayay",

did knowingly possess matters, which contained a visual depiction that had been shipped and transported using any means and facility of interstate and foreign commerce, when the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct and the visual depiction was of such conduct.

In violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2).

## FORFEITURE

1. The allegations contained in Counts One through Seven are incorporated by reference for the purpose of alleging forfeiture, pursuant to the provisions of 18 U.S.C. §§ 2253 and 2428.

2. Upon conviction of a violation of 18 U.S.C. § 2251 and/or 2252, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

    a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or

2252, 2252A, 2252B, or 2260 of Chapter 110, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of Chapter 110;

  b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

  c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

 3. Upon conviction of a violation of 18 U.S.C. § 2422, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2428, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the offense and any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense.

 4. The property to be forfeited includes, but is not limited to, the following: Apple iPhone and 2004 black Chevrolet Corvette (Florida Tag LKBT58).

 5. If any of the property described above, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

e.  has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b) and 28 U.S.C. § 2461(c).

A TRUE BILL,

███████████

Foreperson

ROGER B. HANDBERG
United States Attorney

By: *[signature]*
Lisa M. Thelwell
Assistant United States Attorney

By: *[signature]*
Stacie B. Harris
Assistant United States Attorney
Chief, Special Victims Section

FORM OBD-34
July 22

No.

UNITED STATES DISTRICT COURT
Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

CLAYTON EVERETT COLBORN
a/k/a "Jason Rich"
a/k/a "Jason"
a/k/a "Clay"
a/k/a "Clayay"

INDICTMENT

Violations: 18 U.S.C. § 2422(b); 18 U.S.C. § 2251(a) and (e) and
18 U.S.C. § 2252(a)(4)(B) and (b)(2)

A true bill,

_____
Foreperson

Filed in open court this 26th day

of July, 2022.

_____
Clerk

Bail $_____

GPO 863 525